IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO LEYVA MENDEZ, )
ALFRED RECIO ALEMAN, )
JAIME RECIO ALEMAN, )
ANTONIO RECIO ROMERO, )
DANIEL RECIO ALEMAN, )
 )
    Plaintiffs, )
 )
v. ) CIVIL NO: 05-1153 MV/LCS
 )
FARLEY'S BAR & GRILL, )
CATTLE BARON RESTAURANTS, )
INC., individually and d/b/a )
FARLEY'S BAR & GRILL, )
 )
    Defendant. )

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**Nature of Action**

1. This is a suit to recover damages resulting from a vehicular accident that occurred on or about November 11, 2004, in Dona Ana County, New Mexico. Nina Roybal drove a vehicle the wrong way on Interstate 25 in Las Cruces, New Mexico causing a head on collision with the Plaintiffs' vehicle. Nina Roybal had a blood alcohol concentration of 0.26 gms/100ml., over three times the legal limit. The vehicular accident was fatal to Nina Roybal. The vehicular accident was caused by the defendant because the defendant provided alcoholic beverages to an intoxicated Nina Roybal in violation of the New Mexico liquor control laws. The Plaintiffs sustained serious physical injuries and other damages, including medical expenses, loss of earning capacity, and pain and suffering.

1

**Parties**

2. The Plaintiff Ricardo Leyva Mendez is an individual, alien, and a citizen of Mexico.

3. The Plaintiff Alfred Recio Aleman is an individual, alien, and a citizen of Mexico.

4. The Plaintiff Alfred Recio Aleman is an individual, alien, and a citizen of Mexico.

5. The Plaintiff Jaime Recio Aleman is an individual, alien, and a citizen of Mexico.

6. The Plaintiff Antonio Recio Romero is an individual, alien, and a citizen of Mexico.

7. The Plaintiff Daniel Recio Aleman is an individual, alien, and a citizen of Mexico.

8. The defendant Farley's Bar & Grill is an assumed business name of Cattle Baron Restaurants, Inc. that does business in Dona Ana County, New Mexico, specifically, at 3499 Foothills Road, Las Cruces, New Mexico. Cattle Baron Restaurants, Inc., individually and d/b/a Farley's Bar & Grill, is a domestic profit corporation that does business in Dona Ana County, New Mexico, specifically, at 3499 Foothills Road, Las Cruces, New Mexico. The principal address of this defendant is 201 E. College Blvd., Roswell, New Mexico 88201. This defendant may be served with process through its registered agent Jeffrey W. Wilson, 201 E. College Blvd., Roswell, New Mexico 88201, or upon its president, Larry Ervin, 201 E. College Blvd., Roswell, New Mexico 88201, or its vice-president, Deena Shi;ler, 201 E. College Blvd., Roswell, New Mexico 88201. In this complaint the defendant will be referred to as Farley's.

9. Farley's is licensee as defined under the provisions of the New Mexico Liquor Control Act.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over these parties pursuant to 28 U.S.C. §1332(a)(2).

This is a suit between aliens and citizens of a State. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

11. The proper venue of this case is in this district pursuant to 28 U.S.C. §1391(a)(2).

## FACTS

12. On or about the evening of November 10, 2004, through the early morning hours of November 11, 2004, Nina Roybal ("Roybal") was a patron at Farley's, 3499 Foothills Road, Las Cruces, New Mexico, and consumed alcoholic beverages. Roybal became intoxicated. Farley's knew that Roybal became intoxicated. Farley's continued providing alcoholic beverages to Roybal. Farley's sold and served alcoholic beverages to and procured and aided in the procurement of alcoholic beverages for Roybal, an intoxicated person. Farley's knew and had reason to know from the circumstances and from what was reasonably apparent to Farley's that it was selling, serving, procuring, and aiding in procurement of alcoholic beverages for a person that was intoxicated, namely Roybal.

13. On or about November 11, 2004, early in the morning, at about 1:22 a.m., after Roybal was at Farley's, Roybal drove her vehicle, an 1992 Black Acura, south in the northbound lanes of Interstate 25 in Las Cruces, Dona Ana County, New Mexico. The Acura, driven by Roybal, collided head on with a 1993 Dodge Van in the northbound lanes of Interstate 25. The Plaintiffs were inside the Dodge Van. The Plaintiff Alfredo Recio Aleman was the driver of the Dodge Van. The cause of the collision was Roybal driving the Acura intoxicated "south onto northbound traffic when it collided with" the Dodge Van. Roybal "was traveling in the wrong direction of Interstate 25, which caused the collision." The driver of the Dodge Van "did try to avoid head on collision with" the Acura. The Acura and the Doge Van caught fire. The Plaintiffs were injured.

14. The New Mexico Police obtained a blood sample from Roybal. Roybal had an alcohol concentration of 0.26 gms/100ml. Such alcohol concentration is over three times the legal limit.

15. "No citations were issued to Nina Roybal because she was deceased."

## Count I.
## Negligence Per Se of Farley's

16. The Plaintiffs incorporate all allegations made elsewhere in this complaint.

17. The above described actions of Farley's constitutes negligence per se in one or more of the following particulars:

18. Farley's violated the New Mexico Liquor Control Act by selling or serving alcoholic beverages to or to procure or aid in the procurement of alcoholic beverages for an intoxicated person, namely Roybal, because Farley's knew or had reason to know from the circumstances and from what was reasonably apparent to Farley's that Farley's was selling, serving, procuring or aiding in procurement of alcoholic beverages for a person that is intoxicated, namely Roybal. See 60-7A-16 NMSA.

19. Farley's sold or served alcohol to a person who was intoxicated, namely Roybal, when it was reasonably apparent to Farley's that the person buying or apparently receiving service of alcoholic beverages was intoxicated, namely Roybal, and Farley's knew from the circumstances that the person buying or receiving service of alcoholic beverages was intoxicated. See 41-11-1 NMSA.

## Count II.
## Negligence of Farley's

20. The Plaintiffs incorporate all allegations made elsewhere in this complaint.

21.	The above described conduct of Farley's constitutes negligence. Farley's owed a duty to the Plaintiffs, Farley's breached that duty, and such breach was the proximate cause of the injuries and resulting damages to the Plaintiffs. Farley's violated the duty owed to the Plaintiffs by failing to exercise the ordinary care of a reasonably prudent tavern keeper in the same or similar circumstances. Farley's is subject to liability because Farley's breached the duty to not sell or serve alcoholic beverages to an intoxicated person. This breach of duty was the proximate cause of the Plaintiffs' injuries. In light of use of automobile and increasing frequency of accidents involving drunk drivers, the consequences of serving liquor to an intoxicated person whom a server knows or could have known is driving car, is reasonably foreseeable; thus, Farley's is subject to liability for breaching Farley's duty by violating statutes or regulations which prohibits the selling or serving of alcoholic liquor to an intoxicated person, and the breaches are the proximate cause of injuries to the Plaintiffs.

**Count III.
Gross Negligence of Farley's**

22.	The Plaintiffs incorporate all allegations made elsewhere in this complaint.

23.	The above described conduct of Farley's was committed with knowing and actual violations of the duties and statutes and was a pattern of conduct that was committed with actual knowledge of the dangerous condition described above and is of such character to constitute gross negligence because of the level of reckless, wanton, and culpable conduct in utter indifference to the rights and safety of the Plaintiffs. Farley's conduct involved a conscious indifference to an extreme degree of risk. Farley's acted with gross negligence or reckless disregard for the safety of the Plaintiffs because Farley's knew or had reason

to know from the circumstances and from what was reasonably apparent to Farley's that Farley's was selling, serving, procuring or aiding in procurement of alcoholic beverages for a person that is intoxicated, namely Roybal. Thus, the Plaintiffs are entitled to and seek the recovery of punitive damages.

## Damages

24.     The Plaintiffs incorporate all allegations made elsewhere in this complaint.

25.     As a direct and proximate result of the negligence per se, negligence, and gross negligence of Farley's, including Farley's sale or service of alcoholic beverages to Roybal, Plaintiffs suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiffs' health and well being. Some of these ill effects are permanent and will abide with Plaintiffs for a long time into the future, if not for the remainder of the Plaintiffs' lives.

26.     As a result of the nature and the consequences of the injuries of the Plaintiffs, the Plaintiffs have suffered a great deal of pain and suffering and mental anguish in the past, present, and future.

27.     By reason of all of the above, the Plaintiffs have suffered physical impairment in the past and the future.

28.     As a further result of the above, the Plaintiffs have incurred medical expenses in the past and will incur reasonable and necessary medical expenses in the future. The precise amount of these expenses has not yet been determined. These medical and hospitalization expenses were usual, reasonable, and customary charges for such services and such services were necessary for the proper treatment of the Plaintiffs because of the vehicular accident caused by the intoxicated Roybal caused by Farley's sale or service of alcoholic beverages to Roybal.

29.     As a result of the above, the Plaintiffs have suffered lost earnings in the past and future.

30.     The Plaintiffs are entitled to compensatory and punitive damages because Farley's acted with gross negligence or reckless disregard for the safety of the Plaintiffs.

## Jury Demand

31.     The Plaintiffs demand a trial by jury.

## Prayer

32.     For these reasons, the Plaintiffs ask that defendant be cited to appear and answer and on final trial that Plaintiffs have judgment against defendant for a sum withing the jurisdictional limits of this Court, for the following:

    a.     general damages in an sum within the jurisdictional limits of the Court;

    b.     special and consequential damages;

    c.     punitive damages as determined by the jury;

    d.     prejudgment interest as provided by law;

    e.     postjudgment interest as provided by law;

    f.     court costs and all costs of suit; and

    g.     such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF BRETT DUKE, P.C.
4157 Rio Bravo
El Paso, Texas 79902
(915) 875-0003
(915) 875-0004 (facsimile)


*Electronically Filed*
Brett Duke
Texas Bar No. 24012559
New Mexico Bar No. 14633